NO. 12-00-00145-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


HENRY ALLEN BROWN,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






 MEMORANDUM OPINION


 This case is on remand from the court of criminal appeals. Appellant Henry Brown
("Appellant") was convicted of aggravated kidnapping, a first degree felony. Tex. Pen. Code Ann.
§ 20.04 (Vernon Supp. 2001). During the punishment phase of the trial, Appellant raised the issue
of whether he voluntarily released the victim in a safe place. However, the jury found that Appellant
did not voluntarily release the victim and sentenced Appellant as a first degree felon to thirty years
of imprisonment. (1) In his sole issue on original submission, Appellant challenged the factual
sufficiency of the evidence to support the jury's finding.

 In considering the issue, this court adopted a broad construction of the term "voluntarily" and
affirmed the judgment of the trial court. Brown v. State, No. 12-00-00145-CR (Tex. App.--Tyler
November 28, 2001) (not yet released for publication), 2001 WL 1525188. Appellant filed a petition
for discretionary review, which was granted. Disagreeing with our definition of "voluntarily," the
court of criminal appeals remanded the cause for further proceedings consistent with its opinion. 
See Brown v. State, 98 S.W.3d 180 (Tex. Crim. App. 2003). We reverse and remand for a new
punishment hearing.


Background


 Appellant stabbed LaVonne Brown ("Brown"), his former wife, in the neck with a knife. The
stabbing occurred at Appellant's place of employment in Tyler, Texas. Appellant then kidnapped
Brown and drove her out of town to a vacant lot where Brown's prior residence had burned. While
they were at the location, Brown repeatedly asked Appellant to take her to the hospital. Finally,
Appellant drove the car very slowly onto a four-lane highway. Although he initially entered the
outside lane of the highway, he subsequently moved to the inside lane. At that point, Brown was
afraid that Appellant planned to turn around and go back to where the house had burned. She
testified that she looked at him and said, "If you'll please take me to a hospital, I'll tell them I did
it." His response was "You promise you'll do that? You promise you'll do that?" Brown testified
that she was crying and told him she promised she would if he would take her to the hospital. In
response, he drove her back to Tyler and delivered her to a hospital emergency room.


Voluntary Release


Standard of Review

 At the punishment stage of an aggravated kidnapping trial, the defendant may raise the issue
of whether he voluntarily released the victim in a safe place. Tex. Pen. Code Ann. § 20.04(d). If
the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is
a second degree felony. Id. Because Appellant had the burden of proof, we determine the factual
sufficiency of the evidence by considering all the evidence relevant to the issue of voluntary release
to determine whether the judgment is so against the great weight and preponderance of the evidence
as to be manifestly unjust. Meraz v. State, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990).

Analysis

 At trial, the threshold burden of production was on Appellant to introduce evidence showing
that he voluntarily released Brown in a safe place. See Lavarry v. State, 936 S.W.2d 690, 696 (Tex.
App.-Dallas 1996, pet. dism'd) (citing Williams v. State, 851 S.W.2d 282, 286 (Tex. Crim. App.
1993)). Once some evidence of voluntary release in a safe place was introduced from any source,
Appellant had met his burden. See id. This occurred when Brown's testimony showed that
Appellant took her to a hospital emergency room and Appellant testified that he did so because
Brown needed medical attention and he was worried about her. The burden of persuasion then
shifted to the State to convince the factfinder that the place where Appellant left Brown was unsafe
or that the release was not voluntary. See Williams, 851 S.W.2d at 286; Lavarry, 936 S.W.2d at 696. 
 The State argued to the jury that Appellant released Brown only because Brown "tricked"
him by agreeing to tell them "[she] did it." Therefore, according to the State, the release could not
be voluntary because "if somebody fools you into doing something that you wouldn't otherwise do,
it's not voluntary." On appeal, the State reasserts its contention that Appellant released Brown
because he was induced to do so by Brown's promise to falsify the police report as to the cause of
her injury. Thus, the State argues, it met its burden of persuasion at trial and the jury was free to
conclude that Appellant's act was not voluntary. 

 The court of criminal appeals has concluded that a narrow rather than a broad interpretation
of the term "voluntarily" is likely to effectuate the legislative purpose of section 20.04(d), which is
to encourage kidnappers to release their kidnap victims. Brown, 98 S.W.3d at 188. Under the
narrow interpretation, a kidnap victim is "voluntarily" released in "the absence 'of rescue by the
police [or others] or escape by the [kidnap] victim.'" Id. Neither circumstance is present in the case
at hand. Therefore, we conclude that the jury's finding is factually insufficient to support the jury's
finding that Appellant did not voluntarily release Brown. Accordingly, we sustain Appellant's sole
issue.


Conclusion


 Having concluded the evidence is factually insufficient to support the jury's finding that
Appellant did not voluntarily release Brown, we reverse the judgment of the trial court as to
punishment only and remand for a new hearing on punishment in accordance with article 44.29(b)
of the Texas Code of Criminal Procedure.

 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.


(PUBLISH)
1. If the defendant proves the issue by a preponderance of the evidence, the offense is a second degree felony. 
Tex. Pen. Code Ann. § 20.04(d) (Vernon Supp. 2001). The maximum term of imprisonment for a second degree felony
is twenty years. Tex. Pen. Code Ann. § 12.32 (Vernon 2003).