



# MEMORANDUM OPINION

No. 04-10-00548-CR

Kirk Anthony **GAITHER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR8848A
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:         Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  September 7, 2011

AFFIRMED

Kirk Anthony Gaither appeals the trial court's judgment of conviction for aggravated kidnapping.  Gaither contends the trial court erred when it informed the jury during voir dire that the court would assess punishment, admitted certain evidence, and "failed to consider" evidence during the punishment phase.  We affirm the trial court's judgment.

**VOIR DIRE**

Gaither asserts the trial court erred during voir dire by informing the jury that he had decided to have the judge impose any punishment rather than the jury. The judge's comments were as follows:

> In Texas a defendant gets to decide who he wants to decide his punishment. He can decide that, in the event of his conviction, he wants the jury to decide or in the event of his conviction he wants the judge or the Court to decide. All right. Those are his options, the jury or the court. All right.
>
> He has to make that election on punishment before the jury panel is ever seated. So Mr. Gaither did make election on punishment before you all came in today and he has elected to go to the Court for punishment. So basically what that means is, if you are chosen to serve on the jury, you will only be involved in the first phase of the trial; that is, the determination of guilt or innocence. Once you have done that, your duty will be concluded and the issue of punishment will be decided by the Court.
>
> Sometimes jurors go, Whew, great. I'm good. I'm good with that. Let the judge do it. Sometimes jurors are like, Well, my gosh, we had to sit through the whole guilt/innocence, we should be the ones deciding the punishment. Either way, I understand your feelings. I'm just telling you, that's the state of the law. That's the way it is. So if you're chosen to serve on the jury, you'll only be involved in the guilt/innocence phase. If there is a conviction, the Court will decide punishment.

Gaither argues these comments "tainted the trial and deprived [Gaither] of the presumption of innocence." However, Gaither did not object to the comments at trial. Generally, a failure to object at trial waives any appellate review. *See* TEX. R. APP. P. 33.1; *Little v. State*, 758 S.W.2d 551, 563 (Tex. Crim. App.), *cert. denied*, 488 U.S. 934 (1988). Gaither acknowledges his failure to object, but relying on *Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality opinion), argues the comments constituted fundamental error, and no objection was required to raise this issue on appeal. We disagree. The comments made by the court in this case do not compare with those made by the court in *Blue*, which were as follows:

> [This case], which we are going on, is a situation where the attorney has been speaking to his client about what does he want to do. And when you are on the

button like these cases, it's a question. Frankly, an offer has been made by the State or do I go to trial. And he has been back and forth so I finally told him I had enough of that, we are going to trial. You have been sitting out here and this is holding up my docket and I can't get anything done until we know if we are going to trial or not.

Frankly, obviously, I prefer the defendant to plead because it gives us more time to get things done and I'm sure not going to come out here and sit. Sorry, the case went away and we were all trying to work toward that and save you time and cost of time, which you have been sitting here and I apologize about that. I told the defendant that. Like I said, I have enough of this and going to trial.

. . .

Because there are many reasons why defendants do not testify and I have seen many that have nothing to do with their guilt or innocence. I have seen defendants that are so nervous they could not hear the question much less respond to one. There are defendants that have speech impediments. There are defendants that, frankly, look guilty and they are not guilty and their attorney tells them I don't think you'd make a good witness because you cannot enunciate, not really set forth what you are trying to say very well. And you will be up there and stammering and stuttering, it probably won't look good for you.

It's like I tell all the juries and I get Sister Teresa and I represent her for mass murder. And she is guilty as driven snow and the jury doesn't know that but the defendant's attorney knows it because she admitted it privately. What am I going to do; I am going to put Sister Teresa on the stand because nobody thinks she would tell a lie. She looks like she would be a very honest person and I can put her on the stand. I could have a defendant as innocent as can be and looks guilty and I wouldn't put her on the stand.

*Blue,* 41 S.W.3d at 130. Unlike *Blue*, the trial judge's comments in this case simply explained to the jury procedural aspects of the trial. The comments did not implicate the presumption of innocence afforded Gaither, did not taint the jury, and did not constitute fundamental error. *See Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001) (holding trial court did not comment fundamental error when comments did not "bear on the presumption of innocence or vitiate the impartiality of jury").

**ADMISSIBILITY OF EVIDENCE**

Gaither next argues the trial court erred in admitting, over his objection, a photograph of a chair and the victim's testimony that she was tied to the chair. The complainant, Veronica Ramirez, testified on direct examination that Gaither had once been her boyfriend. At some point during their relationship, Gaither began seeing other women, and he eventually entered into a romantic relationship with Lakisha Huff. Ramirez then started seeing Gaither's brother Matthew. On July 13, 2008, Ramirez visited the Gaithers at their house on Nolan Street.[1] Matthew and Ramirez left in Gaither's car and drove to an apartment complex. Matthew left Ramirez in the car with the keys while he went inside the complex. Ramirez became impatient when over an hour had elapsed and Matthew had not returned. Ramirez decided to leave, and she drove the car to a friend's house. While Ramirez was at the friend's house, Gaither, Matthew, and Huff arrived in a different vehicle. Ramirez testified Gaither grabbed her by the hair and began to beat her, and that Huff also hit her. Another witness testified he saw all three people beating Ramirez. The assailants took both cars and left, and Ramirez ran down the street to another friend's house to obtain help. As she was going into the house, Gaither returned, pulled her by the hair away from the house, and began to beat her again. He eventually forced Ramirez into a car. Gaither and Huff drove to the house on Nolan Street and forced Ramirez inside. Ramirez testified Huff began beating her again and Gaither used a telephone cord to choke her until she lost consciousness. At some point, Gaither and Huff left, leaving Ramirez alone with Matthew. Matthew tied Ramirez to a chair and assaulted her throughout the night. Ramirez was finally able to escape when Mathew fell asleep on the couch. Ramirez testified she

---

[1] Ramirez testified Gaither and Matthew lived at the Nolan Street house. She admitted that Gaither sometimes stayed at Huff's residence. She also admitted that after she began her relationship with Matthew, she sometimes stayed at the Nolan Street house, but denied she was living there.

untied herself from the chair and fled the residence. She requested help from neighbors who called the police.

During cross-examination, Gaither questioned Ramirez about the sequence of events that led to her being tied to the chair, and she testified she was not tied to the chair when Gaither and Huff were beating her and that she was not tied to the chair when they left the house. On re-direct, the State sought to have Ramirez testify how she was tied to the chair and to identify a photograph of a chair. There are what appear to be blood drops on the floor next to the chair. Gaither objected, asserting the testimony and photograph were not relevant because Gaither was not present when Ramirez was tied to the chair and did not participate in the conduct. Gaither also objected that the evidence was "very, very prejudicial." The State responded by arguing Gaither had "opened the door" to such questions during cross-examination. The court overruled the objections. Ramirez identified the chair in the photograph as the chair to which she was tied, and testified she had been bound by her feet or legs to the chair.

We review a trial court's decision on evidentiary rulings under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). A trial court does not abuse its discretion if its decision lies within a zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (on rehearing). To preserve error, a defendant must object every time the allegedly inadmissible evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Failure to do so cures any alleged error. *Id*. Additionally, we will uphold the trial court's ruling if it was correct on any theory of law applicable to the case. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004). A photograph is "generally admissible if verbal testimony about the matters depicted in

the photograph is also admissible." *Paredes v. State*, 129 S.W.3d 530, 539 (Tex. Crim. App. 2004).

Gaither's objection came after the jury had already heard that Ramirez had been tied to the chair. The testimony was elicited during Ramirez's direct and cross-examination. San Antonio Police Officer Steven May also had testified that Ramirez told him she had been tied to a chair and beaten.[2] Before the photograph of the chair was admitted, the jury heard testimony from Ramirez that she was bloodied by the beating administered by Gaither and Huff. The photograph was merely a physical representation of testimony already before the jury.

Gaither appears to predicate his point of error on his assertion that he was not responsible for his brother's conduct and therefore the testimony was not relevant. Gaither misperceives the law regarding co-conspirators. Each co-conspirator is criminally responsible for the acts of other co-conspirators committed in furtherance of the object conspiracy. *See* TEX. PENAL CODE ANN. § 7.02 (b) (West 2011). When two or more people participate in the commission of a felony, evidence of conspiracy is admissible even if no formal conspiracy is charged. *Meador v. State*, 812 S.W.2d 330, 332 (Tex. Crim. App. 1991). Because the evidence demonstrates Matthew acted as a party to the offense of kidnapping, Gaither bore responsibility for Matthew's actions in furtherance of the kidnapping.

Furthermore, the evidence was admissible as "same transaction contextual evidence" – that is, evidence that "imparts to the trier of fact information essential to understanding the context and circumstances of events which, although legally separate offenses, are blended or interwoven." *Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993), *cert. denied*, 510 U.S. 1215 (1994). The evidence demonstrates that the kidnapping and beating of the

---

[2] This testimony was allowed under the excited utterance rule. Gaither's only objections to the testimony were that it was cumulative of the complainant's testimony and constituted bolstering. Gaither does not complain of the court's ruling on appeal.

complainant took place over an extended time, and Matthew was a party to the offense. The criminal offense did not end until Ramirez managed her escape. Contextual evidence certainly aided the jury's understanding of the offense and was relevant.

Gaither also contends that even if the evidence was relevant, its probative value was substantially outweighed by its prejudicial effect. *See* TEX. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.") When evaluating a claim of error under rule 403 involving an extraneous offense, we consider 1) how compellingly the evidence serves to make a fact of consequence more or less probable; 2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way"; 3) the time the proponent needed to develop the evidence that will distract the jury from consideration of the indicted offense; and 4) the force of the proponent's need for the evidence to prove a fact of consequence. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). Although the testimony did not make a fact of consequence more probable than not, and there appears little need for the State's use of the evidence, the State spent very little time developing the evidence, and the testimony and photograph had little potential to impress the jury "in some irrational but nevertheless indelible way." We hold the trial judge did not abuse his discretion in overruling the objections and admitting the photograph and testimony.

## SAFE RELEASE

In his final point of error, Gaither complains that the trial court "abused its discretion" during the punishment phase by "failing to consider" evidence that Gaither released the victim in a safe place. Gaither contends that because the State failed to directly rebut his testimony that he

left the victim in a safe place, the court "abused its discretion when it failed to find in [Gaither's] favor."

Upon being found guilty of aggravated kidnapping, a defendant may raise at the punishment phase the issue of whether he voluntarily released the victim in a safe place. If the defendant proves so by a preponderance of the evidence, the offense becomes a second-degree felony rather than a first-degree felony. *See* TEX. PENAL CODE ANN. § 20.04(d) (West 2008). At the sentencing hearing before the court, Gaither testified that Huff was the only person who assaulted Ramirez after returning to the Nolan Street residence. He stated he took Huff away from the house to provide a safe place for Ramirez, not knowing that Matthew would later assault her in his absence. In response, the State referred the trial court to testimony during the initial phase of the trial and the fact Matthew had assaulted Ramirez. When sentencing Gaither to twenty-five years in prison, the court announced that it was "finding that she was not, obviously, released in a safe place."

We initially note there is nothing in the record suggesting the trial judge did not *consider* Gaither's testimony about whether Ramirez was left in a safe place. Although Gaither states his issue as being whether the trial court "abused its discretion," in the body of his argument, Gaither contends the evidence is factually insufficient to support the trial court's rejection of his defense. Citing *Brown v. State*, 109 S.W.3d 550, 551 (Tex. App. – Tyler 2003, no pet.), Gaither requests this court to determine whether the ruling is "so against the great weight and preponderance of the evidence as to be manifestly unjust." *See Meraz v. State*, 785 S.W.2d 146, 154-55 (Tex. Crim. App. 1990); *McLaren v. State*, 104 S.W.3d 268, 272-73 (Tex. App.—El Paso 2003, no pet.).

The evidence established that Gaither forcibly abducted Ramirez and took her to his house where she was beaten. She was strangled to the point of unconsciousness. The fact that Gaither later left the house with another of the assailants is no evidence that he took any affirmative act to *release* Ramirez, especially since she was left in the company of another person who was a party to her earlier beating. We conclude the evidence supports the trial court's determination that Gaither failed to prove by a preponderance of the evidence he released Ramirez in a safe place, and the ruling is not manifestly unjust. We overrule Gaither's last point of error.

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH